UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                              CRIMINAL NO. 3:21-CR-50-DPJ-LGI

ANGELA MARIE RAMIREZ

ORDER

Defendant Angela Marie Ramirez asks the Court to vacate her sentence. Mot. [26]. For the reasons that follow, the motion will be set for a hearing.

I.    Facts and Procedural History

On May 17, 2021, the Government charged Ramirez in a single-count information for her involvement in a drug-trafficking enterprise. Ramirez pleaded guilty on May 20, 2021, and on August 17, 2021, the Court sentenced her to a below-guidelines 37-month term of incarceration.

On June 2, 2022, through new counsel, Ramirez moved to vacate her sentence, arguing that the Presentence Investigation Report incorrectly assessed a two-level enhancement for which she was not eligible and that her former counsel was ineffective for failing to object. On June 13, 2022, the Government responded to Ramirez's motion, stating that it "agrees . . . that the PSR was calculated incorrectly." Resp. [27] at 2. Both parties ask the Court to vacate Ramirez's sentence and resentence her "according to the correctly applied laws and standards concerning the sentencing guidelines." Mot. [26] at 8; *see* Resp. [27] at 2 (asking the Court "to grant the defendant's motion for the limited purpose of resentencing the defendant without the application of U.S.S.G. § 2D1.1(b)(5)").

II.      Analysis

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Relief under . . . § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Finally, Ramirez is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Ferrara v. United States*, 547 F.2d 861, 863 (5th Cir. 1977) ("Granting relief from a conviction and sentence without a hearing is not authorized by statute . . . ."); *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977) (applying *Ferrara* and concluding that hearing is "preferred manner to deal with" § 2255 motion even where petitioner's entitlement to relief raises pure question of law).

The parties agree that Ramirez's sentence should be set aside and the Court should resentence her based on the correctly calculated guideline range. So does the Court. But out of an abundance of caution, and in line with *Ferrara* and *Sosa*, the Court will set the § 2255 motion for a hearing, to be followed immediately by a re-sentencing hearing.

III.     Conclusion

As stated, this case will be set for a § 2255 hearing, to be followed by a new sentencing hearing. The parties are directed to contact the undersigned's courtroom deputy to schedule the hearing.

**SO ORDERED AND ADJUDGED** this the 15th day of June, 2022.

                                              s/ *Daniel P. Jordan III*
                                              CHIEF UNITED STATES DISTRICT JUDGE